UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CASE NO. 7:07-CR-15-GFVT-EBA-1

UNITED STATES OF AMERICA,                                                      PLAINTIFF,

V.               **MAGISTRATE JUDGE'S REPORT**
                 **AND RECOMMENDATION**

JIMMY RAY CRAFT,                                                                DEFENDANT.

      This matter came before the undersigned for a final hearing on January 27, 2014, as a result of a Supervised Release Violation Report dated January 8, 2014. The report outlines three (3) alleged violations of the terms of the Defendant's supervised release. An additional violation of the Defendant's supervised release was outlined in the Addendum to the Supervised Release Violation Report dated January 27, 2014. At the hearing, the Defendant Jimmy Ray Craft (hereinafter "Craft") was present and represented by appointed counsel, Patrick F. Nash, and the United States by and through Assistant United States Attorney Kevin Dicken.

      At the hearing, Craft stipulated to Violations Nos. 1, and 3, as contained in the Supervised Release Violation Report and to Violation No. 1 as contained in the Addendum, waived his right of allocution before the United States District Judge, and the parties jointly recommended a sentence of eighteen (18) months imprisonment with no supervised release to follow. The matter now stands submitted for a recommendation from the undersigned. After finding Craft competent during the hearing, at which he knowingly and voluntarily stipulated to the facts as stated in the violation report and the addendum, the undersigned recommends that Craft be found guilty of Violations Nos. 1 and 3 of the Supervised Release Violation Report and

1

Violation No. 1 of the Addendum based on his stipulation and that the Court impose a sentence of eighteen (18) months of incarceration with no supervised release to follow.

FINDINGS OF FACT

1) On March 19, 2013, the Defendant was sentenced to eighty (80) months imprisonment to be followed by three (3) years of supervised release following his guilty plea to the Illegal Possession of a Firearm as a Convicted Felon in violation of Title 18, U.S.S.C § 922(g)(1).

2) On August 23, 2013, Craft began his term of supervision through the Probation office in Pikeville, Kentucky. On December 2, 2013, the U.S. Probation Office ran a routine record check and discovered that Craft was arrested in Magoffin County, Kentucky, for failure to wear his seat belt, expired registration plates, failure to maintain insurance, possession of an open alcohol container in a motor vehicle, and operating a motor vehicle under the influence of alcohol/drugs. [Record No. 48]. The probation officer submitted a Report on Offender Under Supervision (PROB 12A) to the court on December 10, 2013. [Record No. 48]. On December 11, 2013, this report was approved and the court allowed Craft to continue his supervised release pending the final disposition of this case in Magoffin County. [Record No. 48].

3) On December 19, 2013, the probation office received notification from the Magoffin County Circuit Court Clerk's Office that Craft had been arrested again. [Violations Report, 1. Jan., 2014.]. The uniform citation charged Craft with driving under the influence of alcohol/drugs, failure to produce insurance, resisting arrest, menacing, and criminal mischief in the third degree. Id. The citation further stated that Craft admitted to drinking beer that evening, blew a .150 on the Portable Breath Test, and when the trooper attempted to arrest him, Craft

resisted and then destroyed the officer's campaign hat that was in the back seat of the state police car. Id. On January 6, 2014, Craft plead guilty to these charges and was sentenced to time served and ordered to pay costs of $508.00.

4) On January 9, 2014, Craft was arrested again and charged with Harassing Communications in violation of KRS 525.080 and Terroristic Threatening in the third degree, in violation of KRS 508.080. [Addendum Report 1, Jan., 2014.]. This arrest was pursuant to a complaint by Gary Wolf that Craft had called and threatened to kill him. Id. In a subsequent interview with the U.S. Probation Officer, Wolf claimed that Craft had called him five (5) times and left four (4) messages stating that he was going to kill him. Id. Wolf provided these recordings to the probation officer. Id. On January 13, 2014, Craft plead guilty to these charges in the Floyd County District Court and was sentenced to twelve (12) months imprisonment and ordered to pay $153.00 fine. Id.

ANALYSIS

The standard for finding a violation of a defendant's terms of supervised release is the preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3). The Supervised Release Violation Reports at issue allege Craft to have violated three (3) terms of supervised release: (1) the offender shall not commit another federal, state, or local crime; (2) the offender shall notify the probation officer within seventy-two hours of being arrested; and (3) the offender shall abstain from the use of alcohol. [Violations Report at 2; Addendum Report at 1-2].

Craft admitted that he made the harassing phone calls and plead guilty to those charges in state court, and was arrested for driving under the influence of alcohol. Craft also admitted that he did not notify probation upon his arrest as required under the conditions of his supervised

3

release, but told the Court that he had no way of doing so because he was in custody during the seventy two (72) hours following the arrest. The United States agreed that Craft would have been unable to contact probation following his arrest and in open court, moved to dismiss Violation No. 2 of the Supervised Release Violation Report dated January 8, 2014. In regards to the remaining violations, the undersigned finds that the admissions in open court in addition to the Court records form a sufficient basis upon which to find Craft guilty.

## SENTENCE RECOMMENDATION

The undersigned recommends a sentence of eighteen (18) months imprisonment, with no supervised release to follow. Under 18 U.S.C. § 3583(e)(3), Grade C violations, such as the ones in this case, have a statutory maximum term of imprisonment of two (2) years. The Sentencing Guidelines also provide a recommendation that a person with Craft's criminal history category of IV be imprisoned for a period of eight (8) to fourteen (14) months upon violations of conditions of their supervised release. U.S.S.G. § 7B1.1; Supervised Release Violation Report, 1, Jan., 2014. But these guidelines are not binding. Therefore, for a variance to be upheld, a District Court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3353 and may not be "plainly unreasonable". U.S. v. Webb, 30 F.3d 687, 689 (1994). These statutory factors include the: 1) nature and circumstances of the offense and the history and characteristics of the defendant; 2) need for the sentence imposed, including adequate deterrence to criminal conduct, to protect the public from future crimes, and to provide the defendant with needed education or correctional treatment in the most effective manner; 3) kinds of sentences available; 4) sentencing guideline ranges; 5) any pertinent policy statement; 6) need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct; and 7) need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(a)(7). Moreover, where a District Court imposes a higher sentence than the recommended Guideline range, it must provide, "at least an indication of its reasons for imposing a sentence that exceeded the recommended sentencing range." U.S. v. Kirby, 418 F.3d 621, 628 (6th Cir. 2005).

In this case, Craft is forty eight (48) years old, attended only one year of high school, and has been in and out of prison most of his adult life. At the hearing, Defense counsel agreed with the United States' position that given Craft's age and background, the United States Probation Office has no resources that would be of substantial benefit to him. Within four (4) months of beginning his supervised release, Craft had already violated his stated conditions three (3) times. On two (2) of those occasions, Craft was driving under the influence of alcohol, displaying a reckless disregard for the well-being of the public. Craft was also belligerent and tried resisting one of the arrests, displaying a lack of respect for the law and its officers.

Craft was also convicted of making harassing communications and terroristic threats. Defense counsel properly expanded upon the situation surrounding these charges during allocution. Counsel explained that Craft's family was hopeful that he had recently changed his ways because he was working regularly and even began attending church; but that all changed when his ex-wife started dating. Counsel suggested that Craft's former employer, who was now his ex-wife's boyfriend, had begun name calling Craft to his ten (10) year old son. Counsel further added that though this would not be the type of stimuli that would ordinarily upset most men, it did upset Craft and he did not act appropriately in response. Having considered the nature and content of the threatening phone calls Craft made to threaten another's life, in addition to driving the public roads while intoxicated, an upward departure from the sentencing

guideline ranges serves the very present need to protect the public from future crimes and to adequately deter others from engaging in these types of behaviors. Given no objection from either party, an upward departure from the recommended guideline range is appropriate in this circumstance.

CONCLUSION

Having considered the evidence, the undersigned hereby RECOMMENDS:

(1) That the Defendant Jimmy Ray Craft be found GUILTY of Violations Nos. 1 and 3 of the Supervised Release Violation Report dated January 8, 2014 and Violation No. 1 of the Addendum to the Supervised Release Violation Report dated January 27, 2014:

(2) That (1) Violation No. 2 of the Supervised Release Violation Report dated January 8, 2014 be DISMISSED; and

(3) That the Defendant's term of supervised release be revoked; and (3) Defendant be sentenced to imprisonment for a term of eighteen (18) months consecutive to any period of incarceration to be served in state court. In as so far as it is possible, the undersigned recommends that this term be served at USP Big Sandy as the Defendant requested during open court in order to stay closer to family members.

Specific Objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909,

912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed January 30, 2014.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge